**MID–WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE, Plaintiff,**

v.

**Troy BRETON, Defendant.**

**No. 4:99CV475–RH.**

United States District Court, N.D. Florida, Tallahassee Division.

Jan. 29, 2001.

---

William Alton Seacrest, Boehm Brown Seacrest, Tallahassee, FL, John Maloney, John Maloney, PA, Petersburg, FL, for Mid-West Nat. Life Ins. Co. of Tennessee, William Brady Neeld, Alliance for Affordable Services Inc.

Wayne C. McCall, Ayres Cluster & Curry, Cala, FL, Guy E. Burnette, Jr., Butler Burnette & Pappa, Tallahassee, FL, for Troy Breton.

Russell S. Buhite, Fowler White Gillen, Tampa, FL, for NFL Regional Med., North Florida Regional Medical Center.

## ORDER ON ADMISSIBILITY OF BRETON DEPOSITION

HINKLE, District Judge.

This matter is before the court on plaintiff's motion in limine seeking a ruling on the admissibility at trial of the deposition testimony of Troy Breton. I conclude that (a) the testimony will be inadmissible if offered by plaintiff, (b) the testimony will be admissible if offered by defendant North Florida Regional Medical Center, Inc. only if Mr. Breton is unavailable to testify live (either because of his health or because he is outside the court's subpoena range and unwilling to appear voluntarily), and (c) if any part of the testimony is admitted, any other party will be entitled to introduce any other part that in fairness ought to be considered together with the part that is admitted.

Plaintiff Mid–West National Life Insurance Company of Tennessee originally named as the sole defendant in this action its insured, Troy Breton. Mid–West sought to rescind health coverage issued to Mr. Breton based on misrepresentations allegedly made by Mr. Breton in obtaining the coverage. Mid–West later amended to add North Florida as an additional defendant; Mr. Breton had obtained hospital services from North Florida and, in connection therewith, had executed an assignment of insurance benefits to North Florida. Mid–West and Mr. Breton later settled the case as between themselves, leaving pending the rescission issue as between Mid–West and North Florida.

Mid–West took Mr. Breton's deposition before North Florida was named as a party to this action. North Florida thus was not represented at the deposition. Mid-

West now seeks a ruling that it may introduce Mr. Breton's deposition testimony at trial against North Florida if, as Mid–West asserts is possible, Mr. Breton is too ill to testify in person.

Mid–West acknowledges that, under Federal Rule of Civil Procedure 32(a), depositions ordinarily are admissible only against a party "who was present or represented at the taking of the deposition or who had reasonable notice thereof." Mid–West asserts, however, that depositions also may be used against a party who was not itself present or represented or noticed, if a another party with the same motive to develop the testimony *was* present or represented. As Mid–West properly notes, the Seventh Circuit so held in *Ikerd v. Lapworth,* 435 F.2d 197, 205–06 (7th Cir.1970). Mid–West says this requirement was satisfied here by the presence of Mr. Breton, whose position at that time in opposition to rescission was exactly the same as North Florida's position is now.

I assume, for present purposes, that *Ikerd* accurately sets forth the law. Still, I conclude Mr. Breton's deposition cannot properly be admitted by Mid–West, because Mr. Breton did not have the same motive to develop his testimony at deposition as North Florida would have had. As a practical matter, attorneys rarely question their own clients at deposition, or at least do not do so as fully, and with the same motive, as would another party. If Mr. Breton's attorney wanted to know what Mr. Breton would testify at trial, the attorney needed only to ask Mr. Breton privately; the attorney had no reason to inquire on the record, in front of opposing counsel. If there were areas Mid–West did not explore fully, or if there were explanations for Mr. Breton's testimony that Mid–West overlooked or chose not to develop, Mr. Breton's attorney would have had no reason (or at least less reason) to address these matters on the record in front of opposing counsel; Mr. Breton's attorney could wait to inquire at trial. And if there were areas on which Mr. Breton could be impeached, Mr. Breton's attorney surely would have no reason or inclination to do so.

In sum, under the clear language of Rule 32(a), Mid–West cannot introduce Mr. Breton's deposition testimony against North Florida, because North Florida was not present or represented and did not receive notice of the deposition. Even accepting the *Ikerd* exception to the Rule 32(a) requirement, Mid–West still cannot introduce Mr. Breton's deposition testimony against North Florida, because no party was present or represented or noticed who had the same motivation to develop the testimony as North Florida.

The same principles do not, however, preclude introduction of the deposition testimony by North Florida against Mid–West. Thus, if Mr. Breton is outside the 100 mile bulge and refuses to appear voluntarily, or if Mr. Breton is incapacitated, North Florida will be entitled to introduce the testimony, to the same extent as if given by Mr. Breton in person. *See* Fed.R.Civ.P. 32(a)(3)(B) & (C).

■ Finally, I also conclude that if North Florida introduces any portion of the deposition, Mid–West will be able to introduce any other portion. Federal Rule of Civil Procedure 32(a)(4) provides:

> If only part of a deposition is offered in evidence by a party, an adverse party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced, and any party may introduce any other parts.

On its face, Rule 32(a)(4) perhaps could be read to allow such introduction only against a party who was present or represented or noticed, because the introductory portion of Rule 32(a), which appears applicable to all of the subparagraphs including Rule 32(a)(4), so provides. I conclude, however, that when a party itself introduces a portion of a deposition, the party is subject to Rule 32(a)(4). Any other reading would allow such a party to introduce a portion of a deposition and then exclude another portion that in fairness ought to be considered together with the portion introduced; that would, by definition, be unfair. And while the same reasoning does not apply equally to the last clause of the rule ("any party may introduce any other parts"), there is nothing in the language of the rule that would make the requirement that a party be present, represented or noticed applicable only to that clause, not to the

"fairness" provision. I conclude that by introducing part of the deposition as substantive evidence, a party waives any objection based on not having been present, represented or noticed for the deposition.

For these reasons,

IT IS ORDERED:

Plaintiff's motion in limine (document 128) for an order determining the admissibility of witness Troy Breton's deposition testimony is GRANTED. Mr. Breton's deposition testimony is determined admissible to the extent set forth in this order. Unless and until determined otherwise on request made outside the hearing of the jury, there shall be no mention at trial of Mr. Breton's deposition testimony, to the extent determined inadmissible by this order. This order does not affect use of Mr. Breton's deposition to contradict or impeach Mr. Breton if he testifies at trial.